IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> TUCKER BRANTLEY BROWN, ) <br> individually and d/b/a ) <br> Touchdown's Pub N Eatery; ) <br> and TOUCHDOWN'S PUB N EATERY, ) <br> INC. d/b/a Touchdown's Pub N ) <br> Eatery, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 3:10cv1030-MHT <br>     (WO) |

OPINION

Plaintiff J & J Sports Productions, Inc. filed this lawsuit against defendants Tucker Brantley Brown and Touchdown's Pub N Eatery, Inc. asserting violations of 47 U.S.C. § 605, which prohibits the unauthorized use of communications (including satellite signals), and 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services.  J & J Sports also asserts a state-law claim of conversion.  Jurisdiction is proper under 28

U.S.C. §§ 1331 & 1367 (federal question and supplemental).

The matter is now before the court on J & J Sports' motion for default judgment.  For the reasons that follow, the motion will be granted in the sum of $ 4,200.

## I.  Background

J & J Sports, a commercial distributor of televised sporting events, owned the exclusive nationwide distribution rights to "The Dream Match": Oscar De La Hoya v. Manny Pacquiao, Welterweight Championship Fight Program, broadcast on closed-circuit television on Saturday, December 6, 2008.  J & J Sports claims that the program was shown by the defendants at Touchdown's Pub N Eatery in Auburn, Alabama.  The bar had not paid for the right to televise the event.  Because the defendants failed to respond to this lawsuit, J & J Sports filed a motion for entry of default, which this court granted on October 31, 2011.

J & J Sports has now filed a motion for default judgment.  Initially, J & J Sports merely restated the counts alleged in the complaint and requested the maximum statutory damages on count one (§ 605) and count two (§ 553).  Although seeking the maximum statutory damages for the unauthorized broadcast of two distinct modes of communication, the motion was unaccompanied by any affidavit establishing a factual basis upon which the court could make a determination of damages.  J & J Sports declined to seek damages on the state-law conversion claim.

Because of these deficiencies, the court could not award statutory damages.  "[J]udgment of default awarding cash damages c[an] not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  Adolph

<u>Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotation marks and citations omitted).

The court, therefore, held an on-the-record conference call with J & J Sports' counsel and explained that a detailed affidavit was necessary to establish statutory damages. The court also noted that it was highly unlikely that a single bar would pirate satellite <u>and</u> cable broadcasts of the same boxing match. <u>See</u> <u>J & J Sports Prods., Inc. v. Blackwell</u>, 2009 WL 2171897, *2 (M.D. Ala. July 21, 2009) (Thompson, J.) (collecting cases). The court requested proof of which type of broadcast was shown in Touchdown's Pub N Eatery so as to determine the appropriate statutory scheme for awarding damages.

J & J Sports' counsel has now filed an affidavit stating that (1) the bar's seating capacity is between 101-200 people and (2) that the defendants would have paid a $ 4,200 fee to J & J Sports to purchase lawfully

4

the fight.  The affidavit is accompanied by a flier with a table of expenses for "The Dream Match" broadcast.  The table of expenses demonstrates that the fee charged to a bar with a seating capacity between 101 and 200 people was $ 4,200.  With this additional information, the court is now able to calculate a damages award without a hearing.

## II.  Discussion

Despite instructions from the court, J & J Sports has not provided sufficient information as to whether Touchdown's Pub N Eatery pirated a satellite or cable broadcast of the fight.  While J & J Sports' counsel stated during the on-the-record conference call that the bar used a satellite dish, there is no evidence in the record to establish this fact.  The affidavit is silent on this crucial question.  The accompanying flier is ambiguous as to whether the fight would be purchased by satellite or cable.  The court finds that, "[b]ecause a

5

cable box is more easily hidden than a satellite dish, it seems more likely that the defendants violated § 553." Id. The court, therefore, will award damages solely on count two.

Regardless of whether the defendants violated § 605 (satellite) or § 553 (cable), the damages award would be the same. The statutory minimum for a violation of § 605 is $ 2,000, 47 U.S.C. § 605(e)(1), and the statutory minimum for a violation of § 553 is $ 1,000, 47 U.S.C. § 553(b)(1). The "burden is on [the plaintiff] to provide justification for why damages in excess of the minimum should be awarded." DIRECTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1131-32 (M.D. Ala. 2004) (Thompson, J.).

Here, the affidavit and flier establish that the defendants would have paid a $ 4,200 fee for broadcasting the fight. This is the starting point for any damages award. Although J & J Sports initially requested the statutory maximum, its counsel's statements during the

6

on-the-record conference call and the affidavit make clear that it now seeks only compensatory damages. As such, the court sees no need to award the statutory maximum damages. Cf. J & J Sports Prods., Inc. v. Guzman, 2009 WL 1034218, *3 (N.D. Cal. Apr. 16, 2009) (Patel, J.) (noting that in the "absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight, maximum statutory damages are inappropriate") (internal quotation marks omitted).

\* \* \*

For the reasons stated above, the court will award J & J Sports damages for only count two and only in the amount of $ 4,200. The court will deny all other requests for monetary relief. An appropriate judgment will be entered.

DONE, this the 30th day of December, 2011.

　　　　　　　　　　　　/s/ Myron H. Thompson　　
　　　　　　　　　　UNITED STATES DISTRICT JUDGE